WILLIAM BELL, plaintiff in error *v.* THE PEOPLE OF THE STATE OF ILLINOIS, defendants in error.

*Error to the Municipal Court of the City of Chicago.*

The criminal jurisdiction of the Municipal Court of the City of Chicago, is confined to the territorial limits of said city.

An indictment purporting to be found by "grand jurors chosen, selected, and sworn in and for the City of Chicago and County of Cook," is bad, and should be quashed on motion.

The "*Act supplemental to An Act to incorporate the City of Chicago*," has no application to criminal proceedings.

THE plaintiff in error was indicted and convicted of the crime of *larceny*, at the November term, 1837, of the Municipal Court of the City of Chicago, and sentenced to the penitentiary. The indictment was signed "N. B. Judd, Attorney for the People."

2H

The following bill of exceptions, taking on the trial of the cause in the Court below, shows the points in the case:

" Be it remembered that upon the arraignment of the prisoner in this cause, for trial, and before pleading, the defendant by Butterfield his counsel, moved to quash the indictment in this cause, on the ground that the indictment alleges that the bill was found a " true bill" by a grand jury, chosen, selected, and sworn in and for the city of Chicago and county of Cook, when the jury, in fact, came from the City of Chicago, in said county; which motion was overruled by the Court. To which opinion of the said Court, the said defendant, by his counsel, excepts, and prays that the said bill of exceptions may be signed and sealed by the Court, and make a part of the record herein, which is accordingly done.

And be it further remembered, that the prisoner upon the same occasion, and at the same time, moved to quash the said indictment on the ground that the said indictment was not signed by any officer, in behalf of the State, duly authorized to act and officiate as State's Attorney: And also, that the said indictment was not signed by the State's Attorney of the 7th Judicial Circuit, nor by any officer appointed by the Court to discharge the duties of State's Attorney; but was signed by the City Attorney of said city, duly appointed by the Common Council thereof; whose duty it is made by an Ordinance of said Council, to prosecute for the People, &c., in said Municipal Court; which motion was also overruled.

To which decisions, the said defendant, by his counsel, excepts, and prays the Court to sign and seal this his bill of exceptions, which is accordingly done.

THOMAS FORD, [L.S.]
Judge of the Municipal Court."

JAMES GRANT, for the plaintiff in error, cited Acts of 1837, 77 *et seq.*; R. L. title *Attorney General.*

U. F. LINDER, Attorney General, for the defendants in error.

WILSON, Chief Justice, delivered the opinion of the Court:

The plaintiff in error was convicted in the Municipal Court of the City of Chicago, upon an indictment found by " The grand jurors chosen, selected and sworn in and for the City of Chicago and county of Cook." Upon his arraignment, the prisoner, by his counsel, moved the Court to quash the indictment. The Court overruled this motion, and proceeded to the trial and conviction of the defendant. This opinion of the Court is assigned for error. In deciding this point, it is necessary to look to the act of the legislature incorporating the City of Chicago. By this act the jurisdiction and powers of the Municipal Court of the City were created and defined; and it cannot legally exercise

any which are not thus conferred. The 69th section of the act alluded to, provides "That there shall be established in the said City of Chicago, a Municipal Court, which shall have jurisdiction concurrent with the Circuit Courts of this State, in all matters civil or criminal, arising within the limits of said City."(1) The 72d section further provides "That the grand and petit jurors of said Municipal Court, shall be selected from the qualified inhabitants of said City." By these provisions, the territorial limits of the City of Chicago are made the boundaries of the criminal jurisdiction of the Municipal Court; and within those limits the jurors must be selected, and can then only investigate offences committed within the same. The law gives to the Municipal Court concurrent jurisdiction with the Circuit Courts. This jurisdiction is general as to the subject matter, but limited in point of territory. It surely requires no argument to prove that a Circuit Court sitting in one county, cannot try and convict a man for an offence committed in another, or that it cannot empanel a grand jury from another county, to enquire into offences committed within the one in which it is sitting. The same rule is applicable to the Municipal Court; and the grand jurors must be selected in and for the City of Chicago alone. The indictment in this case is found by "grand jurors chosen, selected, and sworn in and for the City of Chicago and county of Cook." They are taken as well from the county as the city, if we look, as we must, to the indictment alone, for the evidence of that fact. This is wrong, and the motion to quash the indictment ought to have been sustained. The supplement to the act incorporating the city, has been cited. That act has no application to criminal proceedings.

The judgment of the Circuit Court is reversed.

*Judgment reversed.*

*Note.* See the case of Beaubien *v*. Brinckerhoff, 2 Scam.

